IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Wade Stephney, Jr.,

Plaintiff,

v.

Prison Health Service Inc.; Richland County, Administration and Government; and Alvin S. Glenn Detention Center,

Defendants.

Civil Action No. 7:06-046-MBS-BHH

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

The plaintiff, a pro se prisoner, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the Defendants' Motions to Dismiss or, alternatively, to Stay the Action and the Plaintiff's Motion for Summary Judgment.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on January 5, 2007, seeking damages for alleged civil rights violations. On February 6, 2007, the defendants Richland County and the Alvin S. Glenn Detention Center moved to dismiss or alternatively to stay this action. By order filed February 7, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On March 12, 2007, the plaintiff filed a response opposing the motion.

On March 14, 2007, the defendant Prison Health Services, also filed a motion to dismiss or alternatively to stay this action. By order filed March 15, 2007, pursuant to *Roseboro*, the plaintiff was again advised of the summary judgment dismissal procedure

and the possible consequences if he failed to adequately respond to the motion. On March 26, 2007, the plaintiff filed a response opposing the defendants' motions to dismiss and a motion for summary judgment.

## APPLICABLE LAW

### SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### Defendants' Motions to Dismiss

The defendants have filed separate motions to dismiss this action or, alternatively, stay it pending the resolution of another action filed by the plaintiff, *Stephney v. Alvin S. Glenn Detention Center*, C/A No. 06-2157 (filed July 31, 2006). Recently on April 3, 2007, United States District Court Judge Margaret Seymour dismissed the plaintiff's other action without prejudice.[1] *Stephney v. Alvin S. Glenn Detention Center*, 2007 WL 542617 (D.S.C. 2007). Accordingly, the defendants' motions are now moot and should be denied.

### Plaintiff's Summary Judgment Motion

The plaintiff has filed a motion for summary judgment. However, in this motion, the plaintiff simply rehashes the allegations he has set forth in his complaint. In order to be entitled to summary judgment, the plaintiff must present sufficient evidence to show that judgment on the pleadings is appropriate, and that there are no genuine issues for trial. Fed.R.Civ.P. 56. The plaintiff has not presented any evidence upon which summary judgment could be granted. Summary judgment cannot be based solely on the general and conclusory arguments he has presented in his motion. *Stephney v. Alvin S. Glenn*

[1]Prior to the dismissal without prejudice, Judge Seymour had dismissed with prejudice several defendants but none of these defendants were named as defendants in this action.

*Detention Center*, 2007 WL 542617 (D.S.C. 2007). Accordingly, the plaintiff's motion for summary judgment should be denied.

**CONCLUSION**

IT IS RECOMMENDED that the Defendants' Motions to Dismiss or Stay (#10 and #24) be DENIED as moot and the Plaintiff's Motion for Summary Judgment (#29) be DENIED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

May 21, 2007
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).