IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wade Stephney, Jr., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>Prison Health Services, Inc., )<br>Richland County, and Alvin )<br>S. Glenn Detention Center, )<br>)<br>      Defendants. )<br>_____) | Civil Action No. 7:06-046-MBS-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

  The plaintiff, a pro se prisoner, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the Court on the defendants' motions for summary judgment (Docket Entries # 34 and 40) and the plaintiff's motions for summary judgment (Docket Entries # 36 and 44).

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

  The plaintiff brought this action on January 5, 2007, seeking damages for alleged civil rights violations. On June 22, 2007, the defendant Prison Health Services filed a motion for summary judgment. By order filed June 25, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On July 13, 2007, the plaintiff filed a response opposing the motion and included his own motion for summary judgment.

  On August 21, 2007, the defendants Richland County and Alvin S. Glen Detention Center filed their motion for summary judgment. Pursuant to *Roseboro*, on August 22,

2007, the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On September 13, 2007, the plaintiff filed a response opposing this motion and his second motion for summary judgment.

## FACTS

The plaintiff is currently incarcerated at Lee Correctional Institution. In his complaint, the plaintiff alleges that while housed at the Alvin S. Glen Detention Center ("ASGDC"), the defendants were deliberately indifferent to his medical needs. On May 25, 2005, the plaintiff was extradited to South Carolina from the Columbus County Detention Center in North Carolina and taken directly to ASGDC. The plaintiff possessed four bottles of prescription medication at the time he was processed into ASGDC, including two blood pressure medications, HCTZ and Atenolol, an anti-inflammatory medication, Naproxen, and a muscle relaxer, Carisoprodol. The plaintiff was taking the Naproxen and Carisoprodol for neck and back injuries which he had sustained while housed in a facility in North Carolina. The plaintiff alleges that after his intake examination, he was not seen by a doctor at ASGDC until July or August 2005. He also alleges that he was not provided with his prescription medications. (Compl. 3.) Further, the plaintiff alleges the defendants failed to supervise the medical staff adequately so as to prevent lost or stolen medications. (Compl. at 4.)

The plaintiff is seeking an injunction to "stop state and county officials in their official capacity from harassment and threatening conduct concerning plaintiff's medical care and treatments. (Compl. at 5.) He is also seeking $250,000 in actual damages and punitive damages. (Id.)

## **APPLICABLE LAW**

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise,

conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## **DISCUSSION**

**Exhaustion**

The defendants contend the plaintiff has failed to exhaust his administrative remedies. The court agrees.

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a §1983 action concerning his confinement. 42 U.S.C.A. §1997(e) states:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

In *Porter v. Nussle,* 534 U.S. 516 (2002), the United States Supreme Court held that the exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes.  Further, exhaustion must occur prior to the filing of the lawsuit or it must be dismissed. *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, at 683 (4th Cir. 2005). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including Section 1983 . *Woodford v. Ngo*, 548 U.S. ----, 126 S.Ct. 2378, 2386 (2006).

Here, while the plaintiff did file grievances regarding his medical care, he failed to go beyond Step One and appeal the denial of his grievances.  Because he did not pursue the claims beyond the first level, the plaintiff failed to exhaust the administrative remedies

available to him at the South Carolina Department of Corrections.[1] *See Booth v. Churner*, 532 U.S. 731, 735 (2001) (discussing nonexhaustion in the lower proceeding because inmate failed to "go beyond the first step, and never sought intermediate or final administrative review after the prison authority denied relief); *Cabbagestalk v. Ozmint*, 2007 WL 2822927 (D.S.C. 2007). In any event, even if the plaintiff had exhausted his administrative remedies, the court finds that the plaintiff's claims fail on the merits as discussed below.

**Motions for Summary Judgment**

The defendants have filed two separate motions for summary judgment and the plaintiff has also filed two motions for summary judgment. The plaintiff claims that he was denied adequate and proper medical care and treatment by the defendants' failure to prescribe Naproxen or Carisoprodol for his severe head and neck pain. The defendants contend the plaintiff has failed to state a claim for medical indifference.

The defendant Prison Health Service ("PHS") is a private corporation which provided medical services to inmates in the ASGDC during the time period relevant to the plaintiff's claims. The plaintiff alleges that he "was not screened or given a complete physical examination by PHS's Dr. Reginald Parker until approx [sic] July or August 2005" and alleges that the defendants refused to prescribe Naproxen or Carisoprodol. (Comp. at 3.) In his first motion for summary judgment, the plaintiff stated he was denied medical treatment from May 25, 2005, until March 3, 2007, when he was transferred to another institution. (Pl.'s Mem. Supp. 1st Summ. J. Mot. at 1.) The plaintiff also alleges that PHS failed to supervise its personnel regarding his "missing, lost or stolen control substances,

---

[1] The plaintiff contends his grievances were not processed. (Pl.'s Mem. Supp. 1st Summ. J. Mot. at 8.) However, the evidence shows the grievances were processed and denied at Step 1, (Def. PHS's Mem. Supp. Summ. J. Mot. Exs. 32-35), and the plaintiff has not submitted any evidence that he filed a Step 2 grievance. Furthermore, in his affidavit, Markilo Anderson states that he reviewed the plaintiff's file and did not see any appeals of the denied grievances. (Defs. ASGDC and Richland County's Mem. Supp. Summ. J. Mot. Ex. 1.)

prescribed diagnosed prescriptions medications." (Compl. at 4.) The defendants contend that the plaintiff received adequate medical care while at ASGDC. The court agrees.

The plaintiff's medical records show that the plaintiff was given an initial health screening upon his arrival at ASGDC and his medications were processed by medical staff for distribution to the plaintiff. (Def. PHS's Mem. Supp. Summ. J. Mot. Ex. 8.) The medical records show that medical staff unsuccessfully attempted to give the plaintiff doses of his medication twice. (*Id.* at 13-14.) On May 27th, the plaintiff did not respond when the person distributing the medication called his name and, on May 28th, the plaintiff refused to take the medication.[2] (*Id.*) Whether the plaintiff received these medications after that is unclear. However, the medical records show that he was "out of meds" on June 10, 2005. (*Id.* at 16.) On June 12th, a doctor wrote the plaintiff a prescription for HCTZ, Atenolol, and Ibuprofen. (*Id.* 16-17.) The plaintiff was told to return to the clinic in two weeks for a blood pressure check, which was done on June 25th. (Def. PHS's Mem. Supp. Summ. J. Mot. Exs. 16-17.) The plaintiff was evaluated again on August 3, 2005, regarding his requests for medication, including his request for a muscle relaxer, nerve pill, and migraine headache pills. (*Id.* at 25.) Again, his prescriptions for his blood pressure medications and Motrin were renewed. (*Id.*) Throughout this time, the plaintiff filed several grievances and requests for a prescription for Carisoprodol and Naproxen.[3]

The government is "obligat[ed] to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id*. The duty to attend to prisoners' medical needs, however, does not presuppose

---

[2]The plaintiff contends the refusal form was forged. (Pl.'s Mem. Supp. 2nd Mot. Summ. J. at 3.) However, other than his conclusory allegations, there is no evidence in the record that the refusal notations in the plaintiff's medical records were forged.

[3]Naproxen belongs to a class of drugs called non-steroidal anti-inflammatory drugs or NSAIDs which are used for the management of mild to moderate pain, fever, and inflammation. Other members of this class include ibuprofen or Motrin.

6

"that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

"Deliberate indifference is a very high standard. In *Miltier*, the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir.1990). Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *Estelle*, 429 U.S. 104. "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F.Supp. 1025, 1037 (E.D.Va.1995) (*quoting Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

Additionally, an inmate is not entitled to unqualified access to health care; the right to medical treatment is limited to that treatment which is medically necessary and not to "that which may be considered merely desirable." *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). The Constitution does not guarantee a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817-18 (1st Cir.1988). Disagreements between an inmate and medical personnel over diagnosis or course of treatment and allegations of malpractice or negligence in treatment are not cognizable constitutional claims under the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *Russell v. Sheffer,* 528 F.2d 318, 319

(4th Cir.1975). It follows, then, that disagreements between an inmate and a physician over the inmate's proper medical care do not state a Section 1983 claim unless exceptional circumstances are alleged. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir.1985). Finally, to state a claim of medical indifference, the plaintiff must allege that he suffered a specific injury as a result of the specific conduct of a defendant, and show an affirmative link between the injury and that conduct. *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

Turning to the plaintiff's allegations, the plaintiff essentially alleges that he was denied medical treatment because he was not prescribed the same medications which had been previously prescribed at another institution. As set out above, the plaintiff's medical records show that the defendants have not denied the plaintiff medical care. The plaintiff merely disagrees with the medications he was prescribed. Although the plaintiff did not agree with the type of treatment he received, the fact is the plaintiff was provided treatment and medication was prescribed while he was housed at ASGDC. The plaintiff's belief that he was entitled to certain medications, such as Carisoprodol and Naproxen, instead of Ibuprofen for pain, does not support a claim of deliberate indifference to medical needs. As previously stated, a disagreement as to the proper treatment does not state a constitutional violation. Furthermore, the plaintiff has failed to allege any injury. Accordingly, the plaintiff has failed to state a claim of medical indifference.

As for the claims against Richland County and ASGDC, the Fourth Circuit has held that to bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison physicians' misconduct. *Miltier*, 896 F.2d 848. Prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. *Id*. Under these principles, the plaintiff has not alleged any facts which would support a claim actionable under § 1983

regarding his course of medical treatment against the defendants Richland County or ASGDC.

Furthermore, to the extent the plaintiff could rely on the doctrine of supervisory liability against any of the defendants, the plaintiff has failed to make any showing of supervisory liability. "Supervisory liability based upon constitutional violations inflicted by subordinates is based, not upon notions of respondeat superior, but upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier*, 896 F.2d at 854 (citation omitted). The plaintiff must demonstrate that the prisoner faces a pervasive and unreasonable risk of harm from some specified source, and that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices. *See also Moore v. Winebrenner*, 927 F.2d 1312 (4th Cir. 1991); *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984). The plaintiff has not alleged any facts which would support a claim based upon supervisory liability.

Furthermore, to the extent that the plaintiff seeks to impose liability on the defendants under a theory of respondeat superior, the plaintiff's claims fail. In *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir.1985), the Court held that "[i]n order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section." *Id.* Based on the foregoing, the defendants' motions for summary judgment should be granted and the plaintiff's motions for summary judgment denied.

**State Law Claims**

To the extent that the plaintiff states additional claims under state law for medical malpractice or negligence, (*See* Pl.'s Mem. Supp. Summ. J. Mot. at 4-5), the court should decline to exercise supplemental jurisdiction over the claims as it is recommended that

summary judgment be granted on the plaintiff's federal claims as set for above. *See* 28 U.S.C. § 1367(c).

## **CONCLUSION**

IT IS RECOMMENDED that the Defendants' Motions for Summary Judgment (# 34 and 40) be GRANTED and the Plaintiff's Motion for Summary Judgment (#36 and 44) be DENIED and the Complaint Dismissed with Prejudice.

IT IS SO RECOMMENDED.


             s/Bruce Howe Hendricks
             United States Magistrate Judge


December 13, 2007
Greenville, South Carolina


**The plaintiff's attention is directed to the important notice on the next page.**

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).