IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Wade Stephney, Jr., #141962, ) | C/A No. 8:07-0046-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION AND** |
| v. ) | **ORDER** |
| ) | |
| Prison Health Service, Inc., ) | |
| Richland County, and Alvin S. Glenn ) | |
| Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Wade Stephney, Jr. is an inmate in the custody of the South Carolina Department of Corrections ("SCDC"). He is currently housed at the Lee Correctional Institution. Plaintiff brings the captioned action pursuant to 42 U.S.C. § 1983 to challenge the constitutionality of conditions of his confinement while housed at the Alvin S. Glenn Detention Center ("ASGDC"). Specifically, Plaintiff alleges that Defendants were deliberately indifferent to his head and neck injuries and failed to give Plaintiff his prescription medications.

This matter is before the court on Defendants' motions for summary judgment and Plaintiff's motions for summary judgment. Defendant Prison Health Service, Inc. ("PHS") filed a motion for summary judgment on June 22, 2007. On June 25, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to summary judgment and his own motion for summary judgment on July 13, 2007. Defendants have not filed a response to Plaintiff's first motion for summary judgment.

On August 21, 2007, Defendants Richland County and ASGDC filed a motion for summary judgment. On August 22, 2007, an order was issued pursuant to Roseboro v. Garrison, 528 F.2d 309

(4th Cir. 1975), advising Plaintiff of the dismissal procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition on September 13, 2007. On that same day, Plaintiff filed his second motion for summary judgment. Defendants have not filed a response to Plaintiff's second motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Bruce Howe Hendricks for pretrial handling. The Magistrate Judge filed a Report and Recommendation ("Report and Recommendation") on December 13, 2007, finding that Plaintiff failed to exhaust his administrative remedies; failed to state a claim for medical indifference against Defendant PHS; and failed to allege facts supporting an actionable claim under § 1983, supervisory liability, or respondeat superior against Defendants Richland County and ASGDC. Accordingly, the Magistrate Judge recommended that Defendants' motions for summary judgment be granted, Plaintiff's motions for summary judgment be denied, and Plaintiff's complaint be dismissed with prejudice. Plaintiff filed objections to the Report and Recommendation on December 21, 2007. ("Plaintiff's Objections.")

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error

2

in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). In this case, the court concurs in the Magistrate Judge's recommendation that Defendants' motions for summary judgment be granted.

## DISCUSSION

To prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. Fed. R. Civ. P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and any inferences drawn from the facts should be viewed in a light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather he must demonstrate that specific, material facts exist which give rise to a genuine issue. Id. at 324.

Plaintiff's objections generally restate the allegations of his complaint and the arguments contained in his motions for summary judgment. However, Plaintiff makes two specific objections to the Magistrate Judge's proposed findings and recommendation. First, Plaintiff objects to the Magistrate Judge's recommendation that his claims be dismissed based on his failure to exhaust available administrative remedies. Plaintiff offers only a generalized assertion that he appealed his grievances and that his claims should not be dismissed for failure to exhaust administrative remedies. Plaintiff makes this blanket assertion without providing any specific facts that show Plaintiff actually appealed or pursued his claims beyond the first step of the grievance process at ASGDC. As such,

Plaintiff's first objection is without merit.

Second, Plaintiff contends that he is now on seven additional prescription medications as a result of the "ASGDC defendants [sic] medical negligence and deliberate indifferent [sic]." (Plaintiff's Objections at 11.)  It appears that Plaintiff is objecting to the Magistrate Judge's finding that Plaintiff has failed to allege any injury with respect to his claim against Defendant PHS.  (See Report and Recommendation at 8.)  Even if the court were to take Plaintiff's statement to be true and find that Plaintiff has alleged an injury, Plaintiff's claim of medical indifference remains insufficient for the reasons stated in the Report and Recommendation.  (See Report and Recommendation at 7-8.)  As such, Plaintiff's second objection is without merit.

## CONCLUSION

After thorough review of the Report and Recommendation, the Plaintiff's Objections, the record in its entirety and examining the applicable law, the court adopts the Report and Recommendation and incorporates it by reference.  As such, Defendants' motions for summary judgment (Entries 34 and 40) are **granted**, Plaintiff's motions for summary judgment (Entries 36 and 44) are **denied**, and the complaint is dismissed with prejudice.

**IT IS SO ORDERED.**

                                         s/ Margaret B. Seymour
                                         Margaret B. Seymour
                                         United States District Court

Columbia, South Carolina
February 25, 2008

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified that he has the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**